# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

MILTON AGUILAR,

    Petitioner,

v.                                                              No. 26-cv-0970-KWR-GBW

WARDEN, Otero County Processing Center, *et al*,

    Respondents,

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Petitioner Milton Aguilar's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee and is proceeding *pro se*. He alleges his immigration custody violates due process principles and seeks an immediate release from immigration custody. Having reviewed the Petition and relevant immigration records under Habeas Corpus Rules 1 and 4, the Court finds relief is not available at this time.

The immigration court entered a removal order on June 5, 2026; Petitioner did not appeal; and the removal order is final. *See* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website, last visited July 9, 2026); *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (a removal order is final if the noncitizen does not appeal within 30 days). Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order. *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody."

*Zadvydas,* 533 U.S. at 683 (citing § 1231).   After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.   *Id.*; *see* 8 U.S.C. § 1231(a)(6).   The Supreme Court determined that a six-month detention period is presumptively reasonable.   *Zadvydas,* 533 U.S. at 701.   "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.   *Id.*

As noted above, Petitioner's final removal order was entered less than 90 days ago.   He is therefore subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(A).   Petitioner is also not entitled to a bond hearing.   *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing").

To the extent Petitioner intends to challenge the removal order itself or request permission to remain in the United States, relief is similarly unavailable.   Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders.   *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).   Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.   *Id.* at 317.

The Court will require Petitioner to file a response showing cause, if any, why the Petition should not be summarily dismissed without prejudice.   The show-cause response is due within

twenty (21) days of entry of this Order.   The Court will deny Petitioner's Motions for Temporary Restraining Order and Immediate Release (Docs. 5, 7), as he has not shown a likelihood of success on the merits.   If Petitioner declines to timely comply with this Order, the Court will dismiss the case without prejudice.   Petitioner will be permitted to refile the claims, if his detention exceeds the six-month period under *Zadvydas*.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall file a show-cause response, as set forth above.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Temporary Restraining Order and Immediate Release (**Docs. 5, 7**) are **DENIED**.

_____ /S/ _____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3